[Dkt. No. 24]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
UNITED STATES OF AMERICA    :
                            :
            v.              :  Criminal No. 08-781 (RMB)
                            :
JOHN URCHAK                 :     OPINION
```

**BUMB, J.**

This matter comes before the Court upon Defendant John Urchak's motion to terminate his term of supervised release. [Dkt. No. 24]. For the reasons that follow, the motion is denied without prejudice.

On October 17, 2008, Defendant John Urchak pled guilty to an Information charging him with possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). Defendant had been found in possession of 21 images and approximately 80 videos depicting child pornography yielding the equivalent of 6,000 images. A number of those images depicted prepubescent minors younger than 12 years of age. Defendant also admitted to law enforcement that he traded child pornography on the Internet, became "addicted" to child pornography, and would view the images and videos in a frenzy.

1

<u>See</u> Presentence Investigation Report, ¶ 14.  On January 26, 2009, this Court sentenced Defendant to 36 months' imprisonment, followed by a lifetime of supervised release.  (The 36-month term of imprisonment represented a 15-month downward variance from the applicable 51-63 month Guideline range).

Defendant began his term of supervised release on October 8, 2011.  Two years into his supervised release, on October 18, 2013, the Court granted, in part, Defendant's motion for modification of the conditions of his supervised release.  Specifically, the Court modified conditions regarding out of state travel and the consumption of alcohol but denied his request to reduce the term of his supervised release from lifetime to five years without prejudice.

Defendant again moves for termination of supervised release on several grounds:

> Mr. Urchak continues to engage with his therapist, Yulia Bragisky, LCSW, on a voluntary basis, both before and after his incarceration. His therapist unequivocally states John "took full responsibility for his actions," "poses no danger of accessing child pornography" and "is not a danger to self or others. He is an asset to the community. I would highly support his request for termination of his supervision." (May 22, 2018)
>
> John Urchak's family members; his wife, Roxanne, sons John and Francis, all have written heartfelt letters to the Court about the personal impact of the defendant's criminal transgression and the journey of

2

healing each has experienced since. There is no "sugar-coating" in these statements: Mr. Urchak's behavior was abhorrent and resulted in much pain to each of his family members. Yet, each acknowledges that Mr. Urchak has since lived an authentic life of redemption and all support his request for termination of his supervised release.

John Urchak continues to earn support and long term friendships within his community as demonstrated by the letter from Robert W. Coyle, Totowa's Chief of Police.

John Urchak continues to volunteer for Transition Professionals, an award winning reentry organization in Bergen County. Mr. Urchak positively impacts countless individuals through his example and work. Letters from Bonnie O'Brien, Executive Director, Michelle Esserry, and Linda Gammon, Criminal Probation Supervisor, Retired, coworkers at Transition Professionals, were proffered and have been submitted in order to provide the Court with a glimpse into the character and conduct of Mr. Urchak from those with significant experience with the formerly incarcerated and vulnerable.

John Urchak works as a volunteer with those reentering society: the formerly incarcerated as detailed on his attached resume. He is a role model for many. Fully recognizing Mr. Urchak's redemption will further serve as an appropriate beacon of hope and motivation for those who seek to fully gain or regain their potential as assets to the community.

[Docket No. 24, at 3-4]. According to Defendant, the "John Urchak that possessed child pornography . . . is not the John Urchak of today." Id.

The Government opposes the motion, arguing, in general,

that termination of supervised release "would remove the safeguards implemented to foster [Defendant's] successful integration with the community."  [Docket No. 32, at 1].

On November 2, 2018, the Court conducted a hearing.  Dr. Yulia Braginsky, L.C.S.W. testified on Mr. Urchak's behalf.  The Court reserved its decision and invited the parties to submit post-hearing submissions which each side has done.[1]

This Court has discretion to terminate a term of supervised release, pursuant to Title 18, United States Code, Section 3583(e)(1).  That section provides, in pertinent part:

> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Early termination of supervised release is a decision entrusted to the sound discretion of the District Court.  Courts in various jurisdictions, including in the Third Circuit, have repeatedly held that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early

---

[1] The Court commends counsel for their thoughtful and thorough submissions and advocacy.

termination." Id. at 469; see also United States v. Paterno, 2002 WL 1065682, at *3 (D.N.J. April 30, 2002) (unpublished) (Bassler, U.S.D.J.) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant").

At the hearing, it became clear to the Court that Mr. Urchak has made great strides during his supervised release. In fact, the conditions of supervised release have helped Mr. Urchak improve his relationship with his family and made valuable contributions to society as a whole. Mr. Urchak is to be commended for his accomplishments, but the Court questions the wisdom of terminating supervised release or even lifting conditions that have provided the structure for Mr. Urchak's positive life changes.

Mr. Urchak spoke at the hearing. To his credit, he acknowledged the benefits of supervised release, but he told the Court that he wanted his "freedom back." Yet, many of the conditions put in place have been and are for the Defendant's own benefit.[2] Moreover, Dr. Braginsky testified that she

---

[2] The Government gives examples of how his conditions have provided the safeguards necessary for his success. As they write:

First, his requirement to communicate travel outside of New Jersey, allows Probation to provide the required notice that a previously convicted sex-offender is traveling to the visited district. This crucial function allows Probation to adequately guide and alert Mr. Urchak as to various sex-offender registration laws, which vary significantly by state. Second, Mr. Urchak's condition to communicate alcohol consumption to Probation provides the necessary check against over-consumption. Mr. Urchak has acknowledged to law enforcement, his treating therapists, and this Court, that alcohol consumption has contributed to his viewing and trading of child pornography. (See Presentence Investigation Report and Defendant's Exhibit 2, entitled Psychosexual Evaluation, by Patricia Sermabeikian, p. 6). With that being the case, it is critical that Mr. Urchak have the structure that he needs to ensure that he does not over-consume. Third, the condition requiring unannounced home visits is an essential function that enables Probation to adequately supervise a probationer. To strip Probation's ability to make unannounced home visits would effectively handicap supervision by removing an element which helps to ensure that probationers are always doing the right thing, even when the probation officer is not there.

Finally, the condition that Mr. Urchak be supervised when babysitting and spending time with his grandchildren is essential to protect any future potential victim. Although Mr. Urchak believes he is no longer a risk to children, he has made clear to law enforcement that viewing child pornography became an addiction. (See Presentence Investigation Report, ¶ 14). As the Government pointed out in Court, and acknowledged by Mr. Urchak's psychotherapist during cross, certifying agencies such as the Association for the Treatment of Sexual Abusers, make clear in their training manuals that "Members shall not make statements that a client is 'cured' or no longer at any risk to reoffend."

believed the Defendant was "not in danger to reoffend." She readily admitted, however, that she had never treated or counselled anyone who had an addiction to child pornography.[3]

In this Court's final analysis, Defendant's compliance with the terms of his supervised release, which has served him well, does not warrant at this juncture early termination of the lifetime term of supervised release imposed by the Court. The watchful eye of Probation has certainly been helpful. The Court will, however, modify some of the terms of supervised release, as requested by Defendant, as follows:

> Defendant may have one e-mail address at his residence only, provided there is computer monitoring by the Probation Department through a software program or related device;
>
> Defendant shall submit to one annual polygraph;
>
> Defendant may consume alcohol not to excess, subject to revocation in the event the Probation Officer notifies the Court that such condition has been violated; and

---

[3] The 2009 report of Dr. Patricia Sermabeikian, Ph.D., LCSW, that Defendant was not a risk to the community. The Government introduced evidence of the manual for the Association for the Treatment of Sexual Abuses. Specifically, item 24 provides that "members shall not make statements that a client is 'cured' or no longer at any risk to reoffend."

Defendant may apply to the Court for permission to travel abroad.

The Court's further lessening of the conditions of supervised release acknowledge Mr. Urchak's successful integration into the community.  Perhaps a period of lifetime supervised release will not be warranted.  Additional time of supervised release with these newly modified conditions will tell.

An Order accompanying this Opinion shall issue.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: January 24, 2019